UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON CAMPOS ZAVALA, A-201-044-040,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, GOLDEN STATE ANNEX, et al.,<br><br>　　　　　　Respondents. | No.  1:26-cv-01129-DC-EFB (HC)<br><br><br>FINDINGS AND RECOMMENDATIONS<br>(ECF Nos. 1, 6, 8) |

Petitioner is a noncitizen alien who challenges his detention under 28 U.S.C. § 2241.  ECF No. 1.  Pending before the court is petitioner's request for immediate consideration and emergency relief, ECF Nos. 6, 8, as well as his petition, which is fully briefed.  ECF Nos. 1, 11, 14.  For the reasons set forth below, the undersigned recommends the petition be granted and the request for emergency relief be denied as moot.

## BACKGROUND

### A.  Factual Background

In his petition, petitioner alleges that he is a noncitizen who entered the United States in 1998 without inspection.  ECF No. 1 at 1-2.  He applied for adjustment of status, Form I-485, and reported to a field office of Immigration and Customs Enforcement (ICE) for an adjustment of status interview, on December 18, 2025.  *Id*. at 1-3.  There, he was arrested by ICE agents.  *Id*.  He remains currently detained at the Golden State Annex.  *Id*.  He has not been provided a bond

1

hearing because respondents represent that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  ECF No. 1 at 2-3; ECF No. 11 at 1; ECF No. 14 at 1-2.

### B.  Procedural History

Petitioner initiated this proceeding, through counsel, with a petition for writ of habeas corpus, on February 6, 2026.  ECF No. 1.  On April 15, 2026, petitioner moved for immediate consideration of his petition and emergency relief.  ECF No. 6.  On May 6, 2026, and May 15, 2026, petitioner renewed his request for immediate release.  ECF Nos. 8, 9.  On May 15, 2026, respondents filed an answer.  ECF No. 11.  On May 18, 2026, the undersigned requested petitioner file a status report setting forth his A-number and nation of origin, ECF No. 12, and petitioner complied, on May 18, 2026.  ECF No. 13.  Petitioner filed a traverse on May 18, 2026.  ECF No. 14.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

In his petition, petitioner asserts two claims for relief, alleging that his ongoing detention without a bond hearing violates his rights to due process (claim one) and is unlawful under the Immigration and Nationality Act (INA) (claim two).  ECF No. 1 at 4.  In his motion for emergency relief, petitioner requests immediate release on the same bases.  ECF No. 6.  The undersigned finds that petitioner has demonstrated his right to relief on both claims of his petition and, in the interest of judicial economy, recommends the petition be granted, petitioner be ordered released immediately, and his request for emergency relief be denied as moot.

////

////

////

**A.  Violation of the Immigration and Nationality Act**

In his second claim for relief, petitioner alleges that his present detention violates the INA, because he is subject to the detention provisions of 8 U.S.C. § 1226(a), not § 1225(b), as asserted by respondents.  The undersigned finds petitioner has demonstrated his entitlement to relief on this claim.

Section 1225(b)(2)(A) of the INA provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A).  Respondents urge that "applicant for admission" and "an alien seeking admission" both be interpreted to include persons like petitioner, who have resided in the United States for many years at the time they were taken into detention and for whom a final order of removal has not been issued.  ECF No. 11 at 1-2.  As many courts have concluded, however, this interpretation is untenable because it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025); *see also Garcia v. Chestnut*, No. 1:26-CV-1933 DC CSK, 2026 WL 1042229, at *3 (E.D. Cal. Apr. 17, 2026), *report and recommendation adopted in part,* No. 1:26-CV-01933-DC-CSK (HC), 2026 WL 1240733 (E.D. Cal. May 6, 2026); *Zuniga Cruz v. Noem*, No. 1:26-CV-01818-DC-EFB (HC), 2026 WL 890471, at *2 (E.D. Cal. Apr. 1, 2026); *Flores v. Cruz*, No. 1:26-CV-01038 DC SCR, 2026 WL 575545, at *4 (E.D. Cal. Mar. 2, 2026); *Ortiz v. Chestnut*, No. 1:26-CV-01167-DC-SCR (HC), 2026 WL 508419, at *4 (E.D. Cal. Feb. 24, 2026); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *3 (E.D. Cal. Jan. 8, 2026); *Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *3 (E.D. Cal. Dec. 22, 2025) (collecting cases); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324-36 (W.D. Wash. 2025).  Instead, petitioner has demonstrated that, because he is not an "applicant for admission" within the meaning of § 1225(a), he is subject to the detention provision set forth in § 1226(a), rather than

the mandatory detention provision of § 1225(b)(2)(A), until his removal order becomes final.[1] *See generally Rodriguez*, 802 F. Supp. 3d at 1324-36; *see* ECF No. 1.  Accordingly, petitioner has demonstrated his entitlement to habeas corpus relief on his second claim, that respondents have violated his rights to a bond hearing, per § 1226(a) of the INA.

### B. Violation of Petitioner's Due Process Rights

Petitioner has also demonstrated that he is entitled to habeas corpus relief on the merits of his first claim, in which he alleges that his detention without a bond hearing violates his Fifth Amendment due process rights.  ECF No. 1 at 4.

The due process clause of the Fifth Amendment protects persons in the United States from being deprived of life, liberty, or property without due process of law, including noncitizen aliens. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent").  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Courts examine procedural due process claims in two steps. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  The first step asks whether a protected liberty or property interest exists, and the second step examines the constitutional adequacy of the procedures employed by the State to interfere with that interest. *Id*.  Respondents argue that petitioner's liberty interest has been abrogated by 8 U.S.C. § 1225(b)(2), which mandates petitioner's detention, such that his claim of entitlement to a bond hearing as a matter of due process must be denied.  ECF No. 11 at 1-2.  For the reasons described above, however, this argument fails as a matter of statutory construction.  Accordingly, respondents fail to show that petitioner's liberty

[1] Respondents do not dispute that petitioner is not subject to a final order of removal. ECF No. 11; *see generally* ECF No. 1 (describing petitioner's current immigration proceedings); *see also* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (accessed May 22, 2026) (indicating no order of removal has been entered in petitioner's case). The court takes judicial notice of the Executive Office for Immigration Review's case information available on its website, pursuant to Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC, v. Visa USA Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

interest in freedom from detention has been diminished or eradicated by 8 U.S.C. § 1225(b)(2)'s application to him.

Having determined petitioner has a cognizable liberty interest in freedom from detention, the court considers what process is due and the adequacy of the process petitioner has been provided by the Government. *Ky. Dep't of Corr.*, 490 U.S. at 460. At this step, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976). Here, petitioner has shown that he has a substantial interest in his freedom from detention, relative to the first factor. Since petitioner's entry to the United States almost three decades ago, petitioner necessarily has developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025).

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's present detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews,* No. 1:25-CV-00107-KES-SKO,

5

2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown his entitlement to relief on his claim that his detention violates his rights under the due process clause of the Fifth Amendment.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED;

2) Respondents be ORDERED to release petitioner, Aaron Campos Zavala (A-201-044-040) immediately;

3) Respondents be ORDERED that, should they seek to re-detain petitioner prior to his removal order becoming final, such redetention must comply with 8 U.S.C. § 1226(a) and its implementing regulations;

4) Petitioner's request for immediate consideration and emergency relief (ECF No. 6) be DENIED as moot; and

6

5) The Clerk of Court be directed to serve the District Court's order on the Golden State Annex Detention Facility.

Further, IT IS HEREBY ORDERED that, during the pendency of this action, in order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondents shall not transfer petitioner to another detention center outside of this judicial district, absent contrary order of the court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 27, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7